## Henry A. Vossler, Appellee, v. George Earle and William Earle, copartners, trading as George & William Earle, Appellants.

### Gen. No. 20,837.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915. Rehearing denied October 13, 1915.

### Statement of the Case.

Action by Henry A. Vossler against George Earle and William Earle, copartners as George & William

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Earle, to recover commissions on the sale of four tracts of land situated in Gary, Indiana, which sale was alleged to have been negotiated by Vossler. Plaintiff was a real estate broker doing business in Gary, and the evidence showed that he found a purchaser for the land, told him who the owners were and later took the purchaser to the office of the defendants in Chicago, where a contract in writing for the sale of the land for $120,000 was entered into. Later the contract was modified, and still later the land was conveyed to the purchaser. Plaintiff recovered a judgment for $6,000, and defendants appealed.

George C. Otto and Frank P. Leffingwell, for appellants.

Knapp & Campbell, for appellee; John R. Cochran and Harvey J. Curtis, of counsel.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Brokers, § 7*—*when contract to pay commissions implied.* In an action by a broker for commissions for selling real estate, where the evidence showed that the principals by their conduct approved the agency of the broker, and that such broker was not a volunteer, a contract to pay commissions was implied if the sale was afterwards consummated through the broker's efforts.

2. Brokers, § 5*—*when license necessary.* The fact that an agent negotiated a sale of land in another State at the home of the owner in Chicago did not make him a broker within the meaning of an ordinance requiring brokers to have licenses, there being no evidence that such agent was carrying on the business of broker in such city.

3. Conflict of Laws, § 20*—*what law applies to broker's contract.* Where land in a foreign State was sold in this State, the statutes of such foreign State requiring that a contract to pay commissions for selling real estate must be in writing and signed by the owner, did not apply.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.